Margaret Ann THOMAS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–85–277–CR.

Court of Appeals of Texas,
Eastland.

April 17, 1986.

Rehearing Denied May 15, 1986.

David W. Thedford, Wilson, Newman & Wilson, Abilene, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

**Opinion**

RALEIGH BROWN, Justice.

This is an appeal from a conviction by jury of the offense of robbery. Punishment was assessed, enhanced by a prior felony conviction, at confinement in the Texas Department of Corrections for a term of 45 years. We affirm.

Appellant urges two grounds of error. She contends that the evidence. is insufficient to prove: (1) that the event occurred in the course of committing theft; and (2) that the violent conduct was related to an immediate attempt to escape. Appellant's argument as to these grounds of error concern solely the immediacy of the flight.

A security officer for a Wal-Mart store observed appellant burst into the store,. looking from side to side. She saw appellant take several garments into the fitting room. The security officer watched appellant place a woman's nightshirt in her bra, a pair of women's pants in the front of her shorts, and a white shirt over her own clothing. She followed appellant to the front of the store and, after appellant passed the checkout counters without paying, she stopped appellant.

The security officer took appellant to the merchandising office. The office had one door as the only means of ingress and egress. While another employee left the office to get an assistant manager and while awaiting the arrival of the police, appellant continued to look at the exit. Then, after the expiration of from 13 to 20 minutes, appellant became violent and tried to flee by attempting to knock the security officer, who was blocking the doorway, out of the way. Failing to do so, appellant grabbed the officer's throat, choked her, pulled her hair, and tore her blouse before the assistant manager arrived and subdued appellant. The security officer sustained deep scratches to her throat, had difficulty in swallowing, had temporary loss of mobility of her neck, and lost some of her hair.

TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1974) provides that:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death....

"In the course of committing theft" includes conduct in "immediate flight" after the attempt or commission of theft. TEX. PENAL CODE ANN. sec. 29.01(1) (Vernon 1974).

Appellant was caught in the act of committing theft. Her assault upon the security officer, in which bodily injury occurred,[1] was clearly to effect a flight by her. Therefore, the affirmance of appellant's conviction is determined by the immediacy of her flight. "Immediate flight" is not specifically defined in the Penal Code.

"Immediate" is defined in BLACK'S LAW DICTIONARY 675 (rev. 5th ed. 1979):

Present; at once; without delay; not deferred by any interval of time. In this sense, the word, without any very precise signification, denotes that action is or must be taken either instantly or without any considerable loss of time. *A reasonable time in view of particular facts and circumstances of case under consideration.*

In the instant case it was established that appellant was observed committing theft, was detained for the arrival of police, and assaulted a security guard in an effort to escape, all within a time frame of 13 to 20 minutes. The theft, the detention, and the effort to escape wherein bodily injury was inflicted all occurred within the same building, without the intervention of any other events. We hold that in view of these particular facts and circumstances, a rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense including the element of immediacy. *Flournoy v. State,* 668 S.W.2d 380 (Tex.Cr.App.1984); *Vasquez v. State,* 665 S.W.2d 484 (Tex.Cr.App.1984).

The grounds of error are overruled. The judgment is affirmed.

---

**1.** "Bodily injury" as defined by TEX.PENAL CODE ANN. sec. 1.07(a)(7) (Vernon 1974) means physical pain, illness, or any impairment of physical condition.