IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-361-CR




CURTIS DOXIE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0930455, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of robbery and assessed punishment at
imprisonment for five years, probated. Tex. Penal Code Ann. § 29.02 (West 1994). (1) We will
affirm.

 Todd McBroom, manager of a drug store in downtown Austin, testified that he saw
appellant take a pair of sunglasses from a rack, remove the price tag, and place them in his shirt
pocket. Appellant then paid for some other items and began to leave the store. McBroom stopped
appellant and asked him to return. Appellant accompanied McBroom to the back of the store. 
McBroom asked appellant to give him the sunglasses. As appellant did so, he struck McBroom
in the jaw with his elbow. During the ensuing scuffle, McBroom fell and struck his shoulder
against the corner of a shelf. McBroom testified that the blows to his jaw and shoulder caused
him pain. After subduing appellant, McBroom took him to an upstairs office to await the police. 
Appellant told McBroom "he wanted to knock [McBroom] flat this time" and walked out. 
McBroom did not attempt to stop appellant, who was arrested by police outside the store.

 In his only point of error, appellant contends the evidence is legally insufficient to
sustain the conviction because the State failed to prove that he caused McBroom's bodily injuries
while in the course of committing theft. "In the course of committing theft" means conduct that
occurs in an attempt to commit, during the commission, or in immediate flight after the attempt
or commission of theft. Tex. Penal Code Ann. § 29.01(1) (West 1994). Appellant argues that,
under the facts presented, the conviction can be sustained only if there is evidence that he was in
immediate flight when the fight broke out. Appellant asserts that there is no such evidence. 
Appellant relies on McBroom's statement that he had "no idea" why appellant struck him, and on
appellant's own testimony that he struck McBroom in self-defense after McBroom assaulted him.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The district
court explained its verdict as follows:


[I]t does appear to me that the only reasonable inference that you can draw from
the evidence given is that the fighting that did occur back in the back room was an
attempt to go into immediate flight after the theft. The theft had been discovered. 
He had been detained at the store, and my feeling is that that was the reason for
him to slug Mr. McBroom, was because of the fact he was going to make a
breakaway and try to get out of there. . . . I think that's backed up by the fact
that, number one, he did start to leave the store, to begin with, after not paying for
it. And in addition to that is backed up by the fact after he does get back to the
back he gets up and leaves.



Viewing the evidence in the light most favorable to the verdict, we believe that the inference the
district court drew from the evidence was rational. The evidence is legally sufficient to prove that
appellant caused bodily injury to McBroom while in immediate flight following the aborted theft. 
Other courts have reached the same conclusion on similar facts. Ulloa v. State, 570 S.W.2d 954,
957 (Tex. Crim. App. 1978); Thomas v. State, 708 S.W.2d 580 (Tex. App.--Eastland 1986, pet.
ref'd). 

 The point of error is overruled and the judgment of conviction is affirmed.



Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: February 1, 1995

Do Not Publish

1. In this opinion, the current penal code is cited for the sake of convenience. Neither of the
relevant penal code provisions was substantively amended in 1994.