# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00849-CR

**Thomas Chris Alonzo, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. D-1-DC-05-202808, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Thomas Chris Alonzo guilty of robbery with bodily injury. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). The court assessed punishment at eight years in prison. In four issues, Alonzo contends that the evidence was legally and factually insufficient to support the conviction, that the trial court fundamentally erred by not instructing the jury on a defensive issue, and that the assistance of his counsel was constitutionally ineffective. We affirm.

On the evening of June 6, 2005, Richard and Brenda Gibson were asleep in their home in Austin, Texas. Sometime after midnight, they were awakened by the sound of a car alarm in their driveway. Mr. Gibson testified that he looked out the bedroom window and saw someone taking items from his wife's car and then moving quickly towards the front of the house. Due to the small size of his house, Mr. Gibson was able to get outside his front door within two or three seconds. Mr. Gibson testified that he came upon Alonzo standing outside at the corner of his house

holding some of his wife's belongings. Mrs. Gibson testified that when she followed her husband outside, she saw Alonzo holding some of her possessions, including a makeup bag and a handbag, that she had left in her car on the night of the robbery. Other items from Mrs. Gibson's car were on the ground at Alonzo's feet.

Mr. Gibson testified that Alonzo told him that two other guys had broken into the car and then pointed in the direction in which he claimed they had run. Not believing Alonzo's story, Mr. Gibson grabbed Alonzo to hold him until the police came. According to Mrs. Gibson, Alonzo struck Mr. Gibson's head with his hand several times and stomped on Mr. Gibson's feet in an apparent attempt to get away. Mrs. Gibson called the police, and Mr. Gibson held Alonzo on the ground until the police arrived.

On July 22, 2005, Alonzo was indicted on one count of robbery with bodily injury under Texas Penal Code section 29.02. The indictment alleged that Alonzo "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause[d] bodily injury to Richard Gibson by hitting Richard Gibson with [Alonzo's] hand." The matter was tried to a jury beginning December 13, 2005. Alonzo did not testify or call any witnesses. The jury charge mirrored the indictment, and the jury returned a guilty verdict on one count of robbery with bodily injury. The court sentenced Alonzo to eight years in prison.

In his first and second issues, Alonzo contends that the evidence is legally and factually insufficient to support the jury's verdict. In a legal sufficiency review, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact

2

could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In a factual sufficiency challenge, we view the evidence in a neutral light and determine whether the fact-finder was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when the evidence supporting the verdict, considered alone, is too weak to support the finding of guilt beyond a reasonable doubt, or the evidence contrary to the verdict is so strong that the standard of beyond a reasonable doubt could not have been met. *Id.* at 484-85.

A person commits the offense of robbery with bodily injury if, during the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* Tex. Pen. Code Ann. § 29.02. Alonzo contends that there is no evidence that he caused bodily injury to Mr. Gibson in "the course of committing theft" as required for the offense of robbery. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). He asserts that the evidence was to the effect that the commission of the theft was over and that he was merely standing in Mr. Gibson's yard and not in the immediate flight from the commission of the theft.

The penal code defines "in the course of committing theft" as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *See* Tex. Pen. Code Ann. § 29.01(1) (West 2003). Where the theft, detention, and effort to escape have all occurred without the intervention of any other events, the requirement that the bodily injury have occurred during the course of committing theft has been fulfilled. *Thomas*

3

*v. State*, 708 S.W.2d 580, 581 (Tex. App.—Eastland 1986, pet. ref'd). In *Thomas*, the defendant was observed committing theft in a store and was taken into an office by a security guard to await the arrival of police. *Id*. at 580. After waiting approximately 15 minutes, the defendant attempted to flee the office, assaulting the security guard as a result. *Id*. The court affirmed the robbery conviction, finding that the bodily injury occurred during appellant's attempted flight after the theft and that the flight was sufficiently immediate after the attempted theft to meet the definition of in the course of committing theft. *Id*. at 581.

In this case, the evidence shows that Alonzo had items belonging to Mrs. Gibson that were taken from her car in his hands when Mr. Gibson came outside of his house. Mr. Gibson then grabbed Alonzo to detain him after the theft. Alonzo hit Mr. Gibson in the head and stomped on Mr. Gibson's feet in an attempt to escape. Alonzo did not introduce evidence of any intervening events between the alleged theft and the bodily injury caused to Mr. Gibson. The evidence was, therefore, legally and factually sufficient to support a jury finding beyond a reasonable doubt that the bodily injury caused to Mr. Gibson occurred in the course of committing theft as required for a conviction of robbery.

Alonzo also contends that the evidence is legally and factually insufficient to show that he had the requisite "intent to maintain or obtain control of the property" to establish robbery. *See* Tex. Pen. Code Ann. § 29.02. The "intent to obtain or maintain control of the property" deals with the robber's state of mind regarding the theft or attempted theft, and not the assaultive component of robbery. *Lawton v. State*, 913 S.W.2d 542, 552 (Tex. Crim. App. 1995). There is no requirement that appellant retain the intent to control property when the assaultive act is committed.

The required violence may occur after the offender has abandoned the theft and is escaping. *Id.* Intent to maintain control over property can be proven by circumstantial evidence. *See Wolfe v. State,* 917 S.W.2d 270, 275 (Tex. Crim. App. 1996). In a sufficiency review, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

Here, the evidence shows that Mr. Gibson witnessed an individual break into his wife's car. Mr. Gibson apprehended Alonzo outside of his house a few seconds later, and Alonzo was holding several items that had been removed from Mrs. Gibson's car. Although several of the items removed from Mrs. Gibson's car were on the ground near Alonzo's feet when Mr. Gibson approached him, the jury was free to infer from the evidence that Alonzo harbored an intent to maintain or obtain control over the items he removed from Mrs. Gibson's car. Alonzo did not introduce evidence contradicting this reasonable inference. Accordingly, we overrule Alonzo's challenge to the legal and factual sufficiency of the evidence of intent as required to establish the offense of robbery.

In his third issue, Alonzo argues that the district court committed fundamental error resulting in "egregious harm" by not including an instruction on self-defense in the jury charge. He argues that, because the evidence shows that he was defending himself from Gibson's unprovoked attack, such a fundamental error requires reversal under *Almanza v. State*. 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). An appellate court's first step in evaluating a jury charge is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the next step is to analyze that error for harm. *Id.*

The trial court must submit a charge to the jury "setting forth the law applicable to

the case." Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2005). The purpose of the jury charge is to guide the jury in the application of the law to the case at hand. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). The inclusion of defensive issues is a discretionary strategic decision for the defendants and their counsel. *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998); *Howard v. State*, 972 S.W.2d 121, 126 (Tex. App.—Austin 1998, no pet.). Article 36.14 does not impose a duty on trial courts to sua sponte instruct the jury on unrequested defensive issues. *Posey*, 966 S.W.2d at 62.

In the instant case, Alonzo did not request that the jury charge include an instruction on self-defense nor object to its absence from the jury charge. Because he did not request the instruction, the trial court was not required to sua sponte charge the jury on the law of self-defense. *See Posey*, 966 S.W.2d at 62, note 10 (an unrequested defensive issue is not "applicable to the case" and not required to be included in a jury charge). Therefore, the trial court did not err in not including the instruction. Finding no error in the jury charge, we do not reach a harm analysis under *Almanza*. *See* 686 S.W.2d at 174; *Posey*, 966 S.W.2d at 62; *Howard*, 972 S.W.2d at 126.

In his fourth and final issue, Alonzo claims that his representation at trial was ineffective because his counsel failed to request that an instruction on the law of self-defense be included in the jury charge. The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The proper standard for attorney performance is that of reasonably effective assistance. *Id*. at 687. Alonzo's claim that his counsel's assistance was so defective as to require reversal of his conviction requires a showing that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) this deficient performance prejudiced the defense by

6

more likely than not altering the outcome of the case. *Id.* at 687-94; *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the standard set forth in *Strickland*).

Alonzo must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* An allegation of ineffectiveness must be firmly founded in the record with the record affirmatively demonstrating the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In a direct appeal, a reviewing court is rarely provided with a record capable of providing a fair evaluation of the merits of such an allegation of ineffective assistance as the record does not adequately reflect the failings of trial counsel. *Id.* at 813-14. As such, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

In the instant case, Alonzo's trial counsel did not request a special instruction on self-defense, nor did he object to the court's charge. The court of criminal appeals has recognized that deciding which defensive issues to request is a strategic decision left to the lawyer and the client. *See Posey*, 966 S.W.2d at 63 (and cases cited therein). We find nothing in the record to suggest that this was not a strategic decision on the part of defense counsel. For example, Alonzo and his attorney might have decided for strategic reasons not to request the instruction on self-defense because of the risk of alienating the jury by arguing a point that, if supported by any credible evidence at all, was certainly weak. Furthermore, there is nothing in the record to indicate that the issue was sufficiently raised by the evidence to require such an instruction. In giving the level of deference required by

7

*Strickland* to trial counsel's performance, we find that under the circumstances, Alonzo was provided with effective assistance of counsel.

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed:   September 8, 2006

Do Not Publish