IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0273-10





MELVIN CHARLES SWEED, JR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J.,
Meyers, Price, Womack, Johnson, Keasler, and Cochran, JJ., joined. 
Johnson, J., filed a concurring opinion in which Cochran, J., joined. Alcala, J.,
did not participate. 


O P I N I O N 



 Appellant, Melvin Charles Sweed, Jr., was convicted of aggravated robbery, and
punishment was assessed at thirty-eight years' imprisonment. The First Court of Appeals
affirmed the judgment, holding that the trial court did not err by failing to submit a lesser-included-offense jury instruction for theft. Sweed v. State, 321 S.W.3d 42 (Tex. App.--
Houston [1st Dist.] 2010). We granted Appellant's petition for discretionary review to
address whether there was trial evidence that supported giving a theft instruction to the
jury. We will reverse the judgment of the court of appeals and remand the case for a
harm analysis.

I. FACTS

 The complainant, Sixto Mondragon, and his construction crew were working on a
remodeling project at a Houston apartment complex. Mondragon observed Appellant,
who was not one of his employees, among the work crew throughout the morning. That
afternoon, one of Mondragon's employees, Jose, started screaming that somebody had
pulled a knife on him. When he got over to that area, Mondragon saw Appellant running
away, holding a bundle of something. Mondragon testified, "I couldn't see what he had
in his hands. He had it covered up." Mondragon followed Appellant, thinking that he
had stolen something, and Jose informed Mondragon that Appellant had stolen a nail gun. 
Another employee saw Appellant go into an apartment. 

 The police were called, and Mondragon and his father positioned themselves to
watch the apartment until the police arrived. Between five and twenty minutes after
Appellant entered the apartment, Mondragon saw Appellant leaving the residence empty-handed and wearing different clothing. Appellant walked across the apartment complex
parking lot, a distance of approximately 150 feet, where he spoke with a group of men for
about five minutes. Then, Appellant started walking back in the direction of the
apartment that he had previously entered. At some point, he saw Mondragon and
recognized him. Appellant approached Mondragon, waving a knife at chest level. When
Appellant was about three feet away, Mondragon put his hands in his pockets and acted
like he had a gun or "something." Appellant, without saying anything, walked away and
returned to the apartment. All of this occurred over a period of fifteen to thirty minutes.

 The police arrived five to ten minutes later and proceeded to the apartment that
Appellant was seen entering. A woman who answered the door gave the officers consent
to search. Appellant was located in the bedroom, and the missing nail gun was recovered.

 Appellant was indicted for the felony offense of aggravated robbery, enhanced
with two prior felony convictions. (1) See Tex. Penal Code § 29.03. At trial, Appellant
requested a jury instruction on the offense of theft. The State then requested that, if the
trial court granted Appellant's request for a jury instruction on theft, it also provide an
instruction on the offense of aggravated assault. The trial court denied both requests. 
Subsequently, the jury found Appellant guilty. It also found the allegations in the
enhancement paragraphs (2) true and assessed punishment at 38 years' confinement. The
trial court sentenced Appellant, in agreement with the jury's assessment, to 38 years'
confinement in the Institutional Division of the Texas Department of Criminal Justice.

II. FIRST COURT OF APPEALS

 In his sole point of error on direct appeal, Appellant argued that "the trial court
erred in denying his request to instruct the jury on the lesser-included offense of theft
because there was more than a scintilla of evidence negating the State's allegation that he
threatened Mondragon 'in the course of committing theft.'" Sweed, 321 S.W.3d at 45. 
The First Court of Appeals disagreed and affirmed the trial court's judgment. (3) Id. at 48,
49.

 The court of appeals began by identifying the two-step approach for analyzing
whether the jury should receive a lesser-included-offense instruction. See Hall v. State,
225 S.W.3d 524, 536 (Tex. Crim. App. 2007). For the first step, the court determined that
theft "was included in the alleged elements of the greater offense of robbery," as alleged
in this case. Sweed, 321 S.W.3d at 47. It stated, "when the elements of aggravated
robbery as alleged in the indictment are compared with the elements of theft, it is evident
that the elements of theft are 'established by proof of the same or less than all the facts
required to establish the commission of the offense charged.'" Id. (quoting Hall, 225
S.W.3d at 536). For the second step of the inquiry, the court discussed the evidence
presented, and it concluded that there was no evidence that would permit a rational jury to
find that Appellant's threat to Mondragon did not occur in the course of committing or in
immediate flight after committing the theft. Id. at 47-48.

 The dissent would have held that "the trial court harmfully erred by failing to
instruct the jury on the lesser-included offense of theft." Id. at 49. It explained that the
issue was whether Appellant threatened Mondragon with assault with a deadly weapon
while in immediate flight after the attempt or commission of theft. Id. (citing Tex. Penal
Code §§ 29.01(1), 29.02(a)(2), 29.03(a)(2)). The dissent contended that

 the evidence gives rise to at least two, reasonably equal, plausible
inferences: either that appellant committed aggravated robbery because the
assault occurred while in the immediate flight from theft or, alternatively,
that he committed separated offenses of assault and theft because he
assaulted the complainant when he was not in immediate flight from the
theft.


Id. Hence, the dissent determined that the jury "reasonably could have determined that
theft and assault were two separate events because the assault did not occur in the
immediate flight from the commission of the theft, as required for aggravated robbery." 
Id. at 50. As support, it highlighted a series of intervening events occurring during the
thirty minutes after the theft of the nail gun and before Appellant threatened Mondragon
with a knife.

 We granted Appellant's petition for discretionary review to address the court of
appeals's holding that there was no evidence in the record to support a jury-charge
instruction for theft.

III. ARGUMENTS OF THE PARTIES

A. Appellant's Argument

 Appellant argues that whether he threatened Mondragon with a knife while he was
in immediate flight after the commission of theft was a fact issue for the jury to decide. 
In refusing to instruct the jury on the lesser offense of theft, the trial court, in essence,
took the position that Appellant was still in immediate flight from the theft as a matter of
law.

 Appellant maintains that there was some evidence that only the lesser-included
offense of theft was committed. Quoting the dissenting opinion, Appellant also notes that
the evidence gives rise to at least two plausible inferences: either that the assault occurred
while Appellant was in immediate flight from the theft or that it was a separate event. 
Appellant argues that he stole a nail gun from a construction site, took it to an apartment,
changed clothes, and came back outside where he spoke with some men; then, some thirty
minutes after having committed the theft, Appellant started walking back to his
apartment, saw Mondragon, and pulled a knife. Appellant contends that a rational juror
could have concluded that the theft was over at that point, so whether or not Appellant
pulled the knife while he was in immediate flight from the theft was a fact question that
should have been determined by a jury. Thus, according to Appellant, the trial court's
refusal to issue an instruction appears to conflict directly with Thomas v. State, 699
S.W.2d 845, 849 (Tex. Crim. App. 1985) (holding that, as long as evidence from any
source raises an issue that a lesser-included offense may have been committed, and a jury
charge is properly requested, the issue must be submitted to the jury), and Evans v. State,
202 S.W.3d 158, 165 (Tex. Crim. App. 2006) (stating that "it is clearly the jury that
makes the choice of which inference to accept" when the evidence "gives rise to at least
two, reasonably equal, plausible inferences").

B. State's Argument

 The State responds that the First Court of Appeals properly held that Appellant
was not entitled to a jury instruction on theft. The State argues that the trial court did not
err in denying Appellant's requested theft instruction because theft is not a rational
alternative to aggravated robbery under the facts in this case. According to the State,
there is no evidence from which a rational jury could find Appellant not guilty of the
aggravated robbery and guilty of theft--the evidence shows that Appellant assaulted
Mondragon in immediate flight after the commission of the theft. The State also asserts
that "immediate flight" is not statutorily defined, but "immediate" has been defined as a
"reasonable time in view of particular facts and circumstances of [the] case under
consideration." Thomas v. State, 708 S.W.2d 580, 581 (Tex. App.--Eastland 1986, pet.
ref'd). The State contends that the facts of this case fall within that definition because
Appellant was attempting to effect his escape when he assaulted Mondragon.

 The State also asserts, relying on Flores v. State, 245 S.W.3d 432, 439 (Tex. Crim.
App. 2008), that the trial court did not err because there is evidence that Appellant
committed the offense of aggravated assault, an offense that "lies between" the requested
theft offense and the charged offense of aggravated robbery. However, this argument
misconstrues our caselaw because Flores does not stand for the proposition that a
defendant should be denied a lesser-included-offense instruction simply because there
was a possible "lies between" offense instruction requested by the State that was denied. 

IV. CASELAW

 The Texas Code of Criminal Procedure provides, "[i]n a prosecution for an offense
with lesser included offenses, the jury may find the defendant not guilty of the greater
offense, but guilty of any lesser included offense." Tex. Code Crim. Proc. art. 37.08. It
also states that an offense is a lesser-included offense if

 (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest
suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.


Tex. Code Crim. Proc. art. 37.09. 

 The determination of whether a lesser-included-offense instruction requested by a
defendant must be given requires a two-step analysis. Rousseau v. State, 855 S.W.2d
666, 672-73 (Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim.
App. 1981) (plurality op. on reh'g). The first step asks whether the lesser-included
offense is included within the proof necessary to establish the offense charged. McKithan
v. State, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We must compare the statutory
elements and any descriptive averments in the indictment for the greater offense with the
statutory elements of the lesser offense. Ex parte Amador, 326 S.W.3d 202, 206 n.5 (Tex.
Crim. App. 2010); Ex parte Watson, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009). 
Because "a defendant cannot be held to answer a charge not contained in the indictment
brought against him," the evidence produced at trial does not determine the lesser-included offenses. Schmuck v. United States, 489 U.S. 705, 717 (1989); see Watson, 306
S.W.3d at 263.

 The second step of the lesser-included-offense analysis is to determine if there is
some evidence from which a rational jury could acquit the defendant of the greater
offense while convicting him of the lesser-included offense. Guzman v. State, 188
S.W.3d 185, 188-89 (Tex. Crim. App. 2006). The evidence must establish the lesser-included offense as "a valid rational alternative to the charged offense." Segundo v.
State, 270 S.W.3d 79, 90-91 (Tex. Crim. App. 2008). We review all of the evidence
presented at trial. Hayward v. State, 158 S.W.3d 476, 478-79 (Tex. Crim. App. 2005);
Rousseau, 855 S.W.2d at 673.

V. DISCUSSION

 We exercised our discretionary power to review the application of the second step
of the lesser-included-offense analysis in this case. We will assume without deciding that
the first step of the analysis is satisfied (i.e., that the lesser-included offense of theft is
included within the proof necessary to establish the charged offense of aggravated
robbery), (4) and we hold that the second step is also met as there was trial evidence
presented that supported giving a theft instruction to the jury.

 The second step of the lesser-included offense analysis requires us to determine if
there is some evidence in the record that would permit a jury to rationally find that, if the
defendant is guilty, he is guilty only of the lesser-included offense of theft. See Guzman,
188 S.W.3d at 188-89. "Anything more than a scintilla of evidence is sufficient to entitle
a defendant to a lesser charge." Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994). Although this threshold showing is low, "it is not enough that the jury may
disbelieve crucial evidence pertaining to the greater offense, but rather, there must be
some evidence directly germane to the lesser-included offense for the finder of fact to
consider before an instruction on a lesser-included offense is warranted." Skinner v.
State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Accordingly, we have stated that the
standard may be satisfied if some evidence refutes or negates other evidence establishing
the greater offense or if the evidence presented is subject to different interpretations. 
Robertson v. State, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993).

 A person commits theft if "he unlawfully appropriates property with intent to
deprive the owner of property." Tex. Penal Code § 31.03(a). A person commits
robbery if "in the course of committing theft" and "with intent to obtain or maintain
control of the property," he "intentionally or knowingly threatens or places another in fear
of imminent bodily injury or death." Id. § 29.02(a)(2). To prove aggravated robbery, the
State must prove robbery plus an aggravating factor, such as the defendant "uses or
exhibits a deadly weapon." Id. § 29.03(a)(2). The robbery element of "in the course of
committing theft" is defined as "conduct that occurs in an attempt to commit, during the
commission, or in immediate flight[ (5)] after the attempt or commission of theft." Id. §
29.01(1) (emphasis added). 

 If "in the course of committing theft" could not be proven at trial, then the theft
and the assault were separate events, and Appellant could not be found guilty of robbery
or aggravated robbery. Consequently, because Appellant did not dispute that he
committed theft, the central issue at trial was whether Appellant pulled a knife on
Mondragon during or in immediate flight after the commission of the theft. We believe
there is more than a scintilla of evidence from which the jury could have reasonably
determined that theft is a valid, rational alternative to aggravated robbery.

 After stealing the nail gun, Appellant fled the work area and went into an
apartment. He remained inside the apartment for five to twenty minutes, during which
time he hid the nail gun and changed clothes. Appellant eventually exited the apartment
and walked to another part of the complex, where he conversed with a group of
individuals for five to ten minutes. Then, he was on his way back to the apartment when
he spotted Mondragon and pulled a knife. In all, this amounts to more than a scintilla of
evidence raising a lesser-included offense; this evidence was sufficient to raise a fact
question concerning whether Appellant's use of the knife occurred in the course of or in
immediate flight from the theft. It would not be a case of the jury simply disbelieving
certain evidence, which is not enough to entitle the defendant to a lesser-included offense
instruction. Rather, the fifteen to thirty minute delay and the intervening activities,
including Appellant's act of leaving the apartment, could rationally be interpreted as
evidence that he was no longer fleeing from the theft.

 "[A]s long as evidence from any source raises a defensive issue or raises an issue
that a lesser included offense may have been committed, and a jury charge on the issue is
properly requested, the issue must be submitted to the jury." Thomas, 699 S.W.2d at 849. 
It is the jury's role, not the court's, to determine whether there is sufficient evidence to
support a lesser-included offense. Rousseau, 855 S.W.2d at 672; see Bell v. State, 693
S.W.2d 434, 442 (Tex. Crim. App. 1985). Here, a jury charge on theft was properly
requested, and the evidence supported submitting that charge. A rational jury could
conclude, based upon the evidence presented, that the assault was a separate event from
the theft, meaning that Appellant could have been guilty only of the lesser offense of theft
and not aggravated robbery. The court of appeals erred in holding that theft was not
raised by the evidence.

VI. CONCLUSION

 Evidence was presented at trial that supported giving a jury instruction on the
lesser-included offense of theft. We therefore reverse the judgment of the First Court of
Appeals and remand the cause to that court to conduct a harm analysis under Almanza v.
State, 686 S.W.2d 157 (Tex. Crim. App. 1984).

 Hervey, J.

Delivered: October 19, 2011

Publish
1. The indictment alleged that Appellant did "unlawfully, while in the course of committing
theft of property owned by SIXTO MONDRAGON and with intent to obtain and maintain
control of the property, intentionally and knowingly threaten and place SIXTO MONDRAGON
in fear of imminent bodily injury and death, and [Appellant] did then and there use and exhibit a
deadly weapon, to wit: A KNIFE."
2. Appellant was previously convicted of the felonies of possession of a controlled
substance and for burglary of a motor vehicle. He also had three prior convictions for assault. 
Appellant stipulated to his two prior felony convictions, and the judge instructed the jury on
these. See also infra note 3.
3. In the judgment, the enhancement paragraphs reflecting Appellant's prior felonies were
marked "N/A" or "not applicable" rather than true. Sweed, 321 S.W.3d at 49. The State asked
that the judgment be modified to reflect that Appellant pled true to the State's two enhancement
paragraphs. Id. at 48. The court of appeals "modified the written judgment to reflect that
appellant entered a plea of true to the two enhancement paragraphs and that the jury found these
enhancement paragraphs true." Id. at 49.
4. We do not address the first step of whether theft is a lesser-included offense of
aggravated robbery because it was not a stated ground for review by this Court. While the State
makes the "argument" that theft is not a lesser-included offense of aggravated robbery for the
first time in its reply brief to this Court, in its brief to the First Court of Appeals, the State wrote,
"In comparing the elements of the offense of aggravated robbery and the elements of the offense
of theft, it appears appellant has met the first prong."
5. "Immediate flight" is not defined in the Penal Code, but Black's Law Dictionary defines
"immediate" as "[o]ccurring without delay; instant," "[n]ot separated by other persons or things,"
or "[h]aving a direct impact; without an intervening agency." Black's Law Dictionary 751
(7th ed. 1999).