**Affirmed and Memorandum Opinion filed February 7, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00920-CR

---

### PERCY BENJAMIN SMITH, III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 65,134**

---

## MEMORANDUM OPINION

In two issues, appellant Percy Benjamin Smith, III challenges his robbery conviction. We affirm.

### I. BACKGROUND

At approximately 9:00 a.m. on April 7, 2011, appellant entered a Wal-Mart in Lake Jackson, Texas (the "store"). Brent Dumoit, a twenty-one year old loss-

prevention employee with the store who was dressed in plain clothes and wearing a baseball cap,[1] observed appellant enter. According to Dumoit, appellant appeared suspicious because he was wearing sunglasses and talking on a cell phone and walked quickly and directly to the electronics department. Appellant placed a television in a shopping cart and then proceeded to the store exit via an unusual route, bypassing several cash registers. When appellant arrived at the exit, a store greeter asked for appellant's receipt and even attempted to grab his arm, but appellant ignored the greeter and continued to leave the store. As appellant pushed the television through the exit, a security device activated a light, indicating that appellant had not paid for the television.

According to Dumoit, the following events then occurred. Dumoit announced, "Stop, loss prevention." Appellant immediately pushed the shopping cart holding the television into the wall and ran; Dumoit pursued appellant. Appellant stopped and faced Dumoit approximately 65 yards from the store exit near the store's garden center (however, another witness testified that the distance from the store exit to the garden center was 100 yards). Appellant said, "Don't come any closer. I'll hurt you," began walking backwards, and acted as though he intended to draw a weapon from the back of his pants. Dumoit told appellant he intended to detain him and asked, "[H]ow do you want to do this?" After Dumoit was satisfied appellant did not actually possess a weapon, Dumoit reached for appellant, who began swatting Dumoit's hands. When Dumoit attempted to grab appellant's shoulder, appellant punched him in the teeth and pulled him to the ground by his shirt; the assault caused Dumoit's teeth to bleed and injured his knee. Prior to the assault, appellant never surrendered.

---

[1] Dumoit was not a peace officer. Furthermore, he was not wearing any badge or clothing that would identify him as a store employee.

Appellant then started running again, and Dumoit stood and resumed the chase. Appellant attempted to enter a car which Dumoit believes was being driven by a conspirator, but the driver left without appellant. Eventually, Dumoit caught appellant by gas pumps sixty yards from the location where appellant had punched Dumoit (however, another witness testified the distance from the garden center to the gas pumps was 150 yards). Appellant raised his hands, but Dumoit punched appellant in the jaw. At that moment, a police officer arrived in his patrol car and approached the men. The officer knew Dumoit from past shoplifting investigations at the store. Dumoit informed the officer that appellant had struck Dumoit. After a brief investigation, the officer arrested appellant. Subsequently, Dumoit resigned from his position at the store in lieu of being terminated for violating store policy regarding apprehension of criminals.

Appellant was charged with robbery. The jury found appellant guilty and sentenced him to twenty-five years' confinement.[2]

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to support his robbery conviction.

### A. Standard of Review

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our

---

[2] During the punishment phase, the State established that appellant had been convicted previously of nine felonies and four misdemeanors, and appellant was sentenced as a habitual offender.

judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies equally to both circumstantial and direct evidence. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## B. Robbery

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Penal Code Ann. § 29.02 (West 2011). A person commits the offense of theft if that person unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a) (West Supp. 2012).

The phrase "in the course of committing theft" means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01 (West 2011). "Immediate flight" is not defined in the Penal Code, but the Court of Criminal Appeals has defined "immediate" as "[o]ccurring without delay; instant," "[n]ot separated by other persons or things," or "[h]aving a direct impact; without an intervening agency." *Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (quoting Black's Law Dictionary 751 (7th ed. 1999)); *see also Thomas v. State*, 708 S.W.2d 580, 581 (Tex. App.—Eastland 1986, pet. ref'd) (quoting previous edition of Black's Law Dictionary, in which "immediate" definition includes, "A reasonable time in view of particular facts and circumstances of case under consideration").

## C. Analysis

Appellant contends the evidence is legally insufficient to support his robbery conviction because any bodily injury he caused to Dumoit did not occur during appellant's immediate flight from the commission of the theft. According to appellant, the distance between the store door where the theft occurred and the location where he allegedly punched Dumoit—approximately 65 to 100 yards—is too great to fall within the meaning of immediate flight.

In support, appellant cites a recent case in which the Court of Criminal Appeals held the defendant's attack on a victim did not occur during the defendant's immediate flight from his theft. *Sweed*, 351 S.W.3d 63. However, the facts in *Sweed* are clearly distinguishable from appellant's situation.

In *Sweed*, the defendant stole a nail gun from a construction site and was secretively followed to his apartment by a construction worker. *Id.* at 64. Between five and twenty minutes later, the defendant exited his apartment empty-handed and walked to a group of men 150 feet away. *Id.* at 65. Five minutes later, the defendant walked back toward his apartment. *Id.* The defendant then saw and recognized the construction worker and threatened him with a knife. *Id.* The Court of Criminal Appeals held that the jury could have reasonably found the defendant's threat did not occur in the immediate flight from the theft. *Id.* at 69. We note that the *Sweed* court did not conclude the evidence was legally insufficient to support a finding that the defendant made the threat in immediate flight from the theft; instead, the court held the defendant was entitled to submission of the lesser-included offense of theft (an issue we address in the next section).

Here, as appellant was leaving the store with the television, he was ordered to stop by Dumoit, who identified himself as a loss-prevention employee.

5

Appellant discarded the television and ran from Dumoit. After 65 to 100 yards, appellant turned and faced Dumoit, eventually punching Dumoit in the face while he was attempting to detain appellant for the theft. These facts clearly support a finding that appellant caused Dumoit bodily injury during the immediate flight from the theft. *See, e.g.*, *Lightner v. State*, 535 S.W.2d 176, 176–78 (Tex. Crim. App. 1976) (holding assault occurred during immediate flight from theft when, after committing theft, defendant left in vehicle, stopped approximately 100 yards from the scene of the theft, was ordered to exit by an officer, then struck officer during pat-down search).[3] Accordingly, we overrule appellant's first issue.

### III. LESSER-INCLUDED OFFENSE

In his second issue, appellant contends the trial court erred by refusing to submit an instruction on the lesser-included offense of theft.

## A. Lesser-Included Offense Standard

In determining whether the trial court should have granted a defendant's request for a lesser-included offense, we apply the two-prong *Rousseau* test. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *see also Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). First, we determine whether the offense is a lesser-included offense of the alleged offense. *Rousseau*, 855 S.W.2d at 672–73.

If so, we then determine whether there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* The evidence must establish that the

---

[3] Appellant also appears to argue that the theft and assault were separate incidents because he abandoned the television before striking Dumoit. However, the Court of Criminal Appeals held long ago that abandonment of stolen items does not automatically mean a subsequent assault no longer occurred during immediate flight from the theft. *See Ulloa v. State*, 570 S.W.2d 954, 957–958 (Tex. Crim. App. 1978).

lesser-included offense is a valid, rational alternative to the charged offense. *Goad*, 354 S.W.3d at 446. Anything more than a scintilla of evidence is sufficient to entitle the defendant to a lesser charge. *Id.* We review all of the evidence in the light most favorable to the requested lesser-included offense, whether the evidence was produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted. *Id.* at 446–47; *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). Although this threshold showing is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Sweed*, 351 S.W.3d at 68. This standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Id.*

## C. Analysis

We conclude the first prong of the *Rousseau* test is satisfied: theft is a lesser-included offense of robbery as charged. *See Neelys v. State*, 374 S.W.3d 553, 560 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Appellant contends the second prong of the test is met because there is more than a scintilla of evidence supporting a finding that he did not commit the assault during his immediate flight from the theft. We disagree.

We acknowledge that appellant abandoned the television before running from Dumoit, and that Dumoit was dressed in plain clothing, wore a baseball cap, and did not have a badge. Nevertheless, no jury could reasonably conclude appellant was simply running to escape from a rogue pursuer, unconnected to his theft of the television. *See Grey v. State*, 298 S.W.3d 644, 649–50 (Tex. Crim.

7

App. 2009) (explaining that, under the second prong of the *Rousseau* test, "we view the rationality of the lesser offense, not in isolation, but in comparison to the offense described in the charging instrument"). Moreover, due to the uninterrupted nature of appellant's fleeing from, and then striking, Dumoit, no jury could reasonably find the distance—whether 65 yards or 100 yards—between the location of the theft and the location of the assault means the assault did not occur "in immediate flight after the attempt or commission of theft." Tex. Penal Code Ann. § 29.01. As noted above, these facts are clearly distinguishable from the facts in *Sweed*, where there were several intervening events and a greater duration of time between the moment the defendant stole the property and the moment he threatened the complainant with a knife. 351 S.W.3d at 64–65.

There is no evidence in the record that would permit a rational jury to find that, if appellant is guilty, he is guilty only of theft. Accordingly, the trial court did not err by refusing to submit an instruction on the lesser-included offense of theft. We overrule appellant's second issue.

We affirm the trial court's judgment.

/s/    Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[4]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.