**Opinion filed June 28, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00218-CR
_____

## ARNULFO JOSE CASTILLO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12057**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, Arnulfo Jose Castillo, guilty of the second-degree felony offense of robbery.[1]  The jury assessed punishment at confinement for five years.  The trial court sentenced Appellant in accordance with the verdict and also ordered that Appellant pay court costs and attorney's fees.

---

[1]*See* TEX. PENAL CODE ANN. § 29.02 (West 2011).

In a single issue on appeal, Appellant argues that the trial court erred when it denied his request to provide the jury with instructions on the lesser included offenses of misdemeanor theft and misdemeanor assault. We affirm.

I. *Evidence at Trial*

On the day of the offense, Appellant, a woman, and a child went to a Walmart in Sweetwater. Benjamin Alexander, who was employed by Walmart as an "asset protection associate" at the time, saw Appellant and the woman grab multiple items from the laundry detergent aisle, specifically "Tide Pod packs" and "dryer bead[s]." Alexander then followed them through the store.

In another part of the store, Alexander saw Appellant place some of the items into the pockets of his pants and "big jacket," and he saw the woman place some of the items in her "big purse."

Appellant, along with the woman and the child, walked toward the garden center exit. The outdoor area of the garden center is enclosed by a metal fence and contains a gate that leads to the parking lot. Walmart considers the gate the "last point of sale" for the garden center. Alexander testified that "any shoplifter has to bypass the last point-of-sale [for Walmart] to consider it as a theft." Appellant and the woman, along with the child, walked out the gate without paying for the concealed merchandise.

As Appellant, the woman, and the child moved just outside the gate, Alexander approached them. Alexander positioned himself in front of the woman and attempted to use his body "to push her back into the store." Appellant "had already walked really far out" into the parking lot, so Alexander "hollered" at Appellant to come back. Appellant ran toward his vehicle.[2] But, as Alexander was pulling the woman back into the gate, Appellant returned.

---

[2]Alexander believed that Appellant "might have" placed some of the stolen items in his vehicle, but he could not tell if Appellant entered his vehicle or not.

According to Alexander, Appellant tried to attack him and "started trying to rip my arm away from the other lady and started swinging his arms at me." Appellant then grabbed the child and left the Walmart property. The woman was apprehended, and Appellant never came back. The police found stolen merchandise in Appellant's vehicle and on the ground where the struggle ensued between Alexander and Appellant.

## II. *Analysis*

In a single issue, Appellant claims the trial court erred when it denied his request that the trial court instruct the jury on the lesser included offenses of misdemeanor theft and misdemeanor assault.[3] We apply a two-step analysis to determine whether a defendant is entitled to a lesser included offense in the jury charge. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). First, we "determine whether the lesser offense actually is a lesser-included offense of the offense charged as defined by article 37.09" of the Texas Code of Criminal Procedure. *Id.* Second, we determine "whether the record contains some evidence that would permit a rational jury to find that the defendant is guilty *only* of the lesser-included offense." *Id.*

### A. *Theft and assault are lesser included offenses of robbery, as charged in the indictment.*

Appellant claims, and the State agrees, that theft and assault are lesser included offenses of robbery, as charged in the indictment. We apply the "cognate-pleading" approach to determine whether an offense is a lesser included offense of the offense charged. *Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015) (citing *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007)); *see*

---

[3]The record reflects that the value of the merchandise taken by Appellant from Walmart was within the range of a misdemeanor theft, *see* PENAL § 31.03(e) (West Supp. 2017), and that the assault by Appellant upon Alexander would constitute a misdemeanor assault, *see id.* § 22.01(a)(1), (b).

*Knott v. State*, 513 S.W.3d 779, 791 (Tex. App.—El Paso 2017, pet. ref'd). We must compare the pleaded elements of the greater offense to the statutory elements of the potential lesser-included offense. *Ex parte Castillo*, 469 S.W.3d at 169. We review the legal question in the abstract, and our review does not depend on the evidence offered at trial. *See id.* In this case, the grand jury returned an indictment that alleged that Appellant "did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Benjamin Alexander by pulling on Benjamin Alexander's arm and swinging his fists at him."

When an indictment for robbery alleges the statutory element "in the course of committing theft"—as is present in this case—"[t]heft, by whatever method committed, is necessarily included in the alleged elements of the greater offense of robbery." *Earls v. State*, 707 S.W.2d 82, 84–85 (Tex. Crim. App. 1986); *see* PENAL § 31.03 (defining "theft"). Therefore, theft is a lesser included offense of robbery in this case because the indictment alleged the statutory element of "in the course of committing theft." *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006) (an offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged").

For the offense of assault, assault is a lesser included offense of robbery if the defendant is charged by indictment with intentionally, knowingly, or recklessly causing "bodily injury to another." *Martinez v. State*, 599 S.W.2d 622, 624 (Tex. Crim. App. [Panel Op.] 1980) ("[A]n allegation of robbery by causing bodily injury would include the lesser offense of assault by causing bodily injury . . . ."); *see* PENAL § 22.01 (defining "assault"). Assault is a lesser included offense of robbery in this case because the indictment alleged that Appellant "intentionally, knowingly, or recklessly caused bodily injury." *See* CRIM. PROC. art. 37.09(1).

*B. Appellant failed to produce evidence that the misdemeanor theft
and misdemeanor assault were separate events.*

To be entitled to a lesser included instruction for misdemeanor theft and assault, "some evidence directly germane" to those lesser included offenses must have been presented; "[i]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense" of robbery. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Appellant must point to evidence that "negates the aggravating element of the greater offense" of robbery, or Appellant could show that the evidence pertaining to the "aggravating element is so weak that a rational jury might interpret in such a way as to give it no probative value." *Robertson v. State*, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993).

"Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). This court does "not consider whether the evidence is credible, controverted, or in conflict with other evidence." *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Appellant attempts to negate the robbery element of "in the course of committing theft" to show he was entitled to lesser included instructions for *both* misdemeanor theft and misdemeanor assault. Appellant suggests that the theft and the assault were separate events and that there is more than a scintilla of evidence that Appellant was no longer in the "course of committing a theft" when he assaulted Alexander. Appellant asserts that, because he ran to his car with the stolen merchandise after his female accomplice was detained, disposed of the stolen merchandise, and then came back and committed the assault, Appellant had successfully escaped. He argues that the theft was completed and that he was no longer "in the course of committing a theft" when he assaulted Alexander. *See Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (if State could not prove "in the course of committing theft," then the theft and assault were separate events).

5

We note that, under the current robbery statute, the legislature "assigned a broad meaning to the term, 'in the course of committing theft,' to encompass virtually any act occurring immediately before, during, or after a theft." *Knott*, 513 S.W.3d at 793 (citing *Sorrells v. State*, 343 S.W.3d 152, 157–58 (Tex. Crim. App. 2011)). "In the course of committing theft" is defined under the Penal Code as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." PENAL § 29.01(1). The term "immediate flight" is not defined in the Penal Code, but the term "immediate" can be defined as "[o]ccurring without delay; instant," "[n]ot separated by other persons or things," or "[h]aving a direct impact; without an intervening agency." *Sweed*, 351 S.W.3d at 69 n.5 (quoting BLACK'S LAW DICTIONARY 751 (7th ed. 1999)); *see Thomas v. State*, 708 S.W.2d 580, 581 (Tex. App.—Eastland 1986, pet. ref'd) (providing an alternate definition of "immediate").

In this case, the jury could have concluded that Appellant caused bodily injury to Alexander in immediate flight after the commission of the theft. *See Ulloa v. State*, 570 S.W.2d 954, 957–58 (Tex. Crim. App. 1978). Approximately one minute transpired from the point that Appellant passed the "last point of sale" with the stolen items to when Appellant came back and swung his arms at Alexander. The close proximity of the theft and the assault supports a conclusion that the assault occurred "immediately" and "without delay" after the theft. *See Thomas*, 708 S.W.2d at 581 (concluding appellant was in immediate flight after an attempted theft when "it was established that appellant was observed committing theft, was detained for the arrival of police, and assaulted a security guard in an effort to escape, all within a time frame of 13 to 20 minutes").

Moreover, although Appellant returned to his vehicle to place all or some of the stolen items there, this is not an intervening circumstance that would break the chain of events between the theft and the assault. *See Oggletree v State*, 851 S.W.2d

367, 369–70 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (defendant's act of fleeing from the parking lot did not constitute an intervening circumstance that broke the chain of events between the attempted theft and assault). Appellant did not successfully escape from Walmart after the theft; rather, he remained in the vicinity of the Walmart store and immediately returned and assaulted Alexander. *See id.* (defendant was in immediate flight when he fled after the attempted theft and then returned and assaulted the person who was detaining his accomplice). No reasonable juror could have concluded that there was a break in the chain of events and that the theft and the assault were separate events—unlike the facts in *Sweed*. *See Sweed*, 351 S.W.3d at 65, 69 (fifteen- to thirty-minute delay between the theft and the assault *and* intervening circumstances, such as entering and exiting an apartment near the theft, warranted a lesser included instruction for theft in a robbery appeal).

Appellant nevertheless argues that he has produced affirmative evidence to show that there was a break in the chain of events between the theft and the assault. Appellant claims that Alexander testified that Appellant "was no longer in immediate flight from the theft when [Appellant] pulled on his arm and swung at him with his fist." We disagree with Appellant's characterization of Alexander's testimony. Alexander was asked at trial whether Appellant was in immediate flight from the theft, and Alexander testified: "I would say he was running because I attempted to contact him stating I was asset protection, and I needed to talk to him about the items that he had on him." Alexander was then asked whether Appellant had gotten away from the store and placed the items in the car before the alleged assault occurred, and Alexander replied: "Yes, or he might have" because "he might have still had some of [the items] on him."

Several questions later, Alexander explained that, after Appellant ran toward his vehicle, Alexander left it up to his assistant to chase after Appellant and that Alexander did not expect Appellant to return. We disagree that this testimony

constitutes affirmative evidence that negates the aggravating element of robbery "in the course of committing theft." Even if Alexander's testimony was believed by a jury, the jury could not conclude that the theft and assault were separate events and that Appellant was, therefore, not in the course of committing theft when he assaulted Alexander.

Appellant also points to the testimony of Kevin Webb, an asset protection manager at Walmart, to show that Appellant had successfully completed a theft, escaped from the scene of the crime, and broke the chain of events in the criminal episode. Appellant claims that Webb's testimony showed that "there was no pursuit of [Appellant] after [Appellant] was in the parking lot fleeing toward his car." We note that Webb only testified that Appellant fled the scene. While it is true that no Walmart employee pursued Appellant to his vehicle, Appellant chose to remain in the vicinity of the store and, as we explained above, he did not escape. The lack of pursuit to Appellant's vehicle does not break the chain of events in the criminal episode. *See Oggletree*, 851 S.W.2d at 368–70 (thief successfully evaded store employee by fleeing the parking lot but was still considered to be in immediate flight when he returned to aid his accomplice).

The record reflects that the assaultive act occurred immediately after the theft with no significant break in the chain of events. The trial court did not err when it refused to submit a charge on the lesser included offenses of theft and assault because there was no evidence that Appellant, if guilty, was only guilty of the lesser included offenses of misdemeanor theft and misdemeanor assault. *See Royster v. State*, 622 S.W.2d 442, 446–47 (Tex. Crim. App. 1981) (defendant was not entitled to a charge on the lesser included offenses of theft and assault in conviction for robbery). Accordingly, we overrule Appellant's sole issue.

8

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 28, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[4]

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.