**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Sandra GOOD, Defendant–Appellant.**

**Sandra GOOD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 17276, 17873.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 4, 1992.

Marcie W. Bower, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Count I of an information alleged defendant Sandra S. Good committed the class D felony of resisting arrest in that when Randy Evans, a law enforcement officer, was making an arrest of defendant she resisted arrest by using or threatening to use violence or physical force. § 575.150. Count II was identical except it named Barry Duncan as the law enforcement officer. Count III charged defendant with armed criminal action in resisting arrest as charged in Count I. § 571.015. A jury found defendant guilty on the three counts. The trial court sentenced defendant as a prior offender to imprisonment for three years on each count. The sentences on Counts I and II are to run concurrently. The sentence on Count III is to run consecutively to the other two sentences. She appeals from those convictions.

Defendant was granted an evidentiary hearing on her Rule 29.15 motion. That motion was denied. She appealed from that denial. The two appeals were consolidated for disposition by this court. Defendant has briefed no issue concerning the denial of her postconviction motion. That appeal has been abandoned. *State v. Barnard,* 820 S.W.2d 674 (Mo.App.1991). The judgment of the motion court denying defendant's motion under Rule 29.15 is affirmed.

Defendant states two points on her direct appeal. The following is a resume of the facts sufficient to serve as the background for consideration of those points. A warrant was issued for the arrest of defendant for the felony of tampering with a witness. § 575.270. Officer Randy Evans attempted to execute that warrant. He approached the defendant. She threatened Evans with a knife. Officer Barry Duncan arrived to assist. Defendant drew a second knife and accosted Duncan. Defendant eventually capitulated and was arrested.

■ Defendant's first point is "[t]he trial court erred in overruling appellant's motion to dismiss one of the resisting arrest counts and in trying, convicting and sentencing appellant on Counts I and II in that Appellant was subjected to double jeopardy because both resisting arrest charges were based on a continuing course of conduct which was uninterrupted." She raised this issue by pretrial motion and has preserved it for review. She asserts this error improperly placed her in "double jeopardy." She contends she was subjected to multiple punishments for the same offense when such punishments were not prescribed by the legislature. She relies upon the following quotations: "Beyond simply protecting defendants from successive prosecutions

for the same offense after an acquittal or a conviction, the Fifth Amendment also prohibits multiple punishment for the same offense.... The prohibition against multiple punishment is 'designed to ensure that the sentencing discretion of the court is confined to the limits established by the legislature.' ..." *Hagan v. State*, 836 S.W.2d 459, 462 (Mo. banc 1992). (Citations omitted.) "Legislative intent regarding cumulative sentences is determined first by examining the statutes under which the defendant was convicted." *State v. Villa–Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992). She then observes that § 575.150 [1] defining resisting arrest is silent concerning multiple or cumulative punishments. She argues the issue is controlled by a different statute. The relevant part of that statute reads:

"When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

. . . . .

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses." § 556.041.

Defendant concludes she was engaged in a continuous course of conduct that was uninterrupted. The State replies: "Contrary to appellant's contention, subsection (4) of this statute does not prohibit multiple punishments for separate offenses arising out of a continuing course of conduct."

The constitutional bar of the Fifth Amendment against Double Jeopardy has multiple facets.

" ' * * * [T]he Fifth Amendment guarantee against double jeopardy * * * has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. * * *.' *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)." *State v. Thompson*, 610 S.W.2d 629, 634 (Mo.1981), cert. denied, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 122 (1981). (Omissions in original.)

The prohibition against successive prosecutions for a single offense was expressed in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That case also stated the familiar test for determining whether there are two offenses or one.[2] That prohibition against successive

---

1. Section 575.150 provides:

"1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to arrests with or without warrants and to arrests for any crime or ordinance violation.

3. It is no defense to a prosecution under subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor."

2. "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States*, 284 U.S. 299, 304 [52 S.Ct. 180, 182] 76 L.Ed. 306, 52 S.Ct. 180 (1932):

'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....'

prosecutions was expanded in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which in turn was refined by *United States v. Felix*, 503 U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). A sagacious review of this prohibition is found in *McIntyre v. Trickey*, 975 F.2d 437 (8th Cir.1992). A study of *McIntyre* is mandatory for an understanding of the doctrine of double jeopardy.

The limitation on multiple punishments for the same offense in a single prosecution has been defined in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).[3]

The arguments of the parties in this case center upon the identification of what conduct constitutes a separate or single offense. That identification is discussed at length in *Horsey v. State*, 747 S.W.2d 748 (Mo.App.1988).

> "The issue raised by movant's contention is whether or not the evidence established distinct offenses even though each was a violation of the same statute. The general rule has been stated:
>
> > 'To determine whether a defendant has been subjected to double jeopardy, Missouri courts follow the separate or several offense rule rather than the same transaction rule. *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). Under this rule, "multiple convictions are permissible if the defendant has in law and in fact committed separate crimes." Id. *The applicable test, to determine whether several charges are identical, is "whether each offense necessitates proof of a fact which the other does not."* State v.

Charles, 612 S.W.2d 778, 781 (Mo. banc 1981), cert. denied, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981).'
*State v. Lulkowski*, 721 S.W.2d 35, 37 (Mo.App.1986) (emphasis added). Also see Cook, Constitutional Rights of the Accused, § 23:8 (2d ed. 1986).

However, this stated test in some instances is difficult of application. It assumes identification of a separate offense that requires proof of a fact not required by another offense. This inadequacy is apparent when the conduct of a defendant is continuous or involves more than one item of property or more than one victim.

In such cases an appropriate test is what, under the statute, the legislature 'intended to be the allowable unit of prosecution....' *United States v. Marzano*, 537 F.2d 257, 272 (7th Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977). Or stated another way, 'once Congress has defined a statutory offense by its prescription of the "allowable unit of prosecution", ... that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on this congressional choice.'
*Sanabria v. United States*, 437 U.S. 54, 69–70, 98 S.Ct. 2170, 2181–2182, 57 L.Ed.2d 43, 57 (1978) (citation omitted).

・　　・　　・　　・　　・

The legislature may expressly declare the limits of a unit of prosecution. See § 556.041. [Footnote omitted]. When it has not done so, the cases afford little guidance in determining the intent of the legislature. In absence of an indication

---

This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes....' *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 43 L.Ed.2d 616, 95 S.Ct. 1284 [1294 n. 17, 43 L.Ed.2d 616] (1975).

If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions." *Brown v. Ohio*, 432 U.S. 161, 166,

97 S.Ct. 2221, 2225–2226, 53 L.Ed.2d 187, 194 (1977). (Omissions in original.)

**3.** "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977).

of a contrary intent, a construction of leniency has been favored. *Bell v. United States*, [349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955)], supra. On the other hand, an expressed or obvious intent to establish substantial punishment for an offense favors a construction that punishes each act in contravention of the statute. *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). The language of the statute may indirectly establish the intent of the legislature. For example, 'Section 195.020 makes it unlawful for "any person ... to ... possess ... *any* controlled or counterfeit substance...." (Emphasis supplied). The use of the word "any" indicates that each separate substance possessed is an unlawful act.' *State v. Williams*, [542 S.W.2d 3 (Mo.App.1976) supra, at 5. An element of obvious importance is what is considered the gravamen of the offense." *Horsey* at 750–752.

A canon of statutory construction has been succinctly stated and applied in determining a unit of prosecution.

"The punishment appropriate for the diverse federal offenses is a matter for the discretion of Congress, subject only to constitutional limitations, more particularly the Eighth Amendment. Congress could no doubt make the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for each woman so transported. The question is: did it do so? It has not done so in words in the provisions defining the crime and fixing its punishment. Nor is guiding light afforded by the statute in its entirety or by any controlling gloss. The constitutional basis of the statute is the withdrawal of 'the facility of interstate transportation,' *Hoke v. United States*, 227 U.S. 308, 322, 57 L.Ed. 523, 527, 33 S.Ct. 281 [284, 57 L.Ed. 523, 527 (1913)], 43 L.R.A. N.S. 906, Ann.Cas. 1913E 905, though, to be sure, the power was exercised in aid of social morality. Again, it will not promote guiding analysis to indulge in what might be called the color-matching or prior decisions concerned with 'the unit of prosecution' in order to determine how near to, or how far from, the problem under this statute the answers are that have been given under other statutes.

It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes." *Bell v. United States*, 349 U.S. 81, 82–84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910–911 (1955).

The principles reflected in *Bell* and *Horsey* govern the result in this case. The gist of the offense of resisting arrest as defined by § 575.150 is the action of a defendant. "It is clear from the language of the statute that the General Assembly of Missouri intended to prohibit flight as one of several means of resisting arrest. The gravamen

**6**

of the offense is resisting an arrest, not flight from a law enforcement officer. (Footnote omitted)." *State v. Long*, 802 S.W.2d 573, 575 (Mo.App.1991). The gist of the offense is not dependent upon how many officers were attempting to arrest the defendant Good. The application of the controlling principles is vividly illustrated in *State v. Danny Bacon*, 841 S.W.2d 735 (Mo.App.1992) (Motion for Rehearing or Transfer to Supreme Court denied 10/29/92; Supreme Court denied Application to Transfer 11/24/92). In that case, a defendant was charged with two counts of involuntary manslaughter, § 565.024.1(2), resulting from a single accident. He was convicted under each count of the lesser included offense of careless and imprudent driving, § 304.010.1 RSMo Supp.1987. This court held the gist of the offense defined by § 304.010.1 RSMo Supp.1987 was the act of driving and the defendant could be convicted of but one such offense.[4]

It is interesting to observe that before the defendant capitulated, seven or eight officers were at the scene. To say this resulted in her committing seven or eight offenses demonstrates that the gist of the offense is the resistance by the defendant and not the number of officers involved. The defendant's first point has merit.

■ Defendant's second point hinges upon the construction of § 575.150. As noted, that section provides a person may commit the offense of resisting arrest "of himself by using or threatening the use of violence or physical force or by fleeing from such officer"—"[r]esisting, by means other than flight ... is a class D felony ... otherwise, resisting ... arrest is a class A

misdemeanor." § 575.150. Defendant was charged with the felony of resisting arrest by threatening the use of physical force or violence. The verdict directing instruction under which she was convicted submitted that hypothesis.

Defendant's second point is "[t]he trial court erred in refusing appellant's request to submit ... instructions on the class A misdemeanor of resisting arrest [which] were supported by the evidence in that appellant fled from her arresting officers...." She assumes that because she was convicted of the class D felonies of resisting arrest, and her tendered instructions hypothesizing flight submitted class A misdemeanors of resisting arrest, the latter offenses are lesser included offenses of the former.

Section 556.046 provides:

"1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the

4. Other examples of statutory construction to identify a "unit of prosecution" are found in the following cases. In *United States v. Nichols*, 731 F.2d 545 (8th Cir.), cert. denied, 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984), the defendant simultaneously possessed a sawed-off rifle and a silencer in violation of § 5861(d) U.S.C. It was held the defendant was properly convicted of two offenses. In *Spencer v. State*, 805 S.W.2d 677 (Mo.App.1990), the court held a defendant was properly convicted of four counts of robbery even though he did so at the same time as "[t]he proper focus is right to possession and in this case each one of the victims had a right to the possession of the monies that were

taken from them." *Id.* at 680. In *State v. Lulkowski*, 721 S.W.2d 35 (Mo.App.1986), the court found managing two houses of prostitution constituted two offenses. In *State v. Williams*, 542 S.W.2d 3, 5 (Mo.App.1976), the court found "[t]he use of the word 'any' indicates that each separate substance possessed is an unlawful act[ ]" and a defendant was properly convicted of two violations of § 195.020 by his simultaneous possession of heroin and marijuana. In *State v. Gordon*, 536 S.W.2d 811 (Mo.App.1976), the court upheld two convictions based upon an act of distribution of the illegal drugs Desoxyn and Tuinol.

offense charged and convicting him of the included offense."

Misdemeanor resisting arrest is not established by proof of the same or less than all the facts required to establish felony resisting arrest. The misdemeanor requires proof of the different element of flight. Obviously, resistance by flight is not an attempt to resist by threat or use of force within the meaning of § 556.046.1(3). Nevertheless, defendant contends misdemeanor resisting arrest is specifically denominated by statute as a lesser degree of felony resisting arrest, within the meaning of § 556.046.1(2). That subsection is generally applied in respect to offenses specifically denominated in terms of degrees such as first and second degree assault. §§ 565.050 and 565.060. Nonetheless, it has been logically stated § 575.150.4 defining "resisting arrest" in terms of a felony and misdemeanor grade of an offense denominates the misdemeanor to be a lesser degree of the felony.

> "Under the statute, the crime of resisting arrest is either a felony or a misdemeanor. Except when the resistance is by flight, the *degree of that offense* is linked to the degree of the underlying offense for which the arrest is made." *State v. Furne,* 642 S.W.2d 614, 616 (Mo. banc 1982).[5] (Emphasis added.)

However, it is not necessary to accept or reject that proposition. It may be assumed that misdemeanor resisting arrest is specifically denominated as a lesser degree of felony resisting arrest within the meaning of § 556.046. "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 556.046.2. *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982).

To support her second point, defendant argues that there was evidence she retreated. Yet all the evidence, including that of defendant, was that with two knives she held eight to ten officers at bay for forty-five minutes. The defendant's second point has no merit.

Because of the merit of defendant's first point, defendant's conviction upon Count II is reversed and defendant is discharged from that count. The judgments upon Counts I and III are affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.

**5.** Followed in *State v. Johnson,* 830 S.W.2d 36 (Mo.App.1992). However, MAI–CR 3d 329.60 embodies a different construction of § 575.150 concerning the distinction between the felony and misdemeanor offenses defined by the statute.