IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER 1998 SESSION

FILED

April 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TROY LEON BROADRICK, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9801-CC-00011 |
| | ) | |
| vs. | ) | Bledsoe County |
| | ) | |
| STATE OF TENNESSEE, | ) | Hon. J. Curtis Smith, Judge |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

FOR THE APPELLANT:

**TROY LEON BROADRICK (pro se)**
Rt. 4 Box 600
Pikeville, TN 37367-3243

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**R. STEPHEN JOBE**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JAMES MICHAEL TAYLOR**
District Attorney General

**JAMES W. POPE III**
Assistant District Attorney
Twelfth Judicial District
265 Third Ave., Suite 300
Dayton, TN 37321

OPINION FILED:_____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The petitioner, Troy Leon Broadrick, appeals from the Bledsoe County Circuit Court's order dismissing his petition for habeas corpus relief. In 1987, a jury convicted the petitioner of nine counts of aggravated rape, three counts of rape, and one count of sexual battery. The judge sentenced him to an effective sentence of 63 years in the Department of Correction. He appealed his convictions, and this court affirmed on June 29, 1989. See State v. Troy Broadrick, No. 88-257-III (Tenn. Crim. App., Nashville, June 29, 1989). On July 28, 1997, he filed a pro se petition for habeas corpus relief. The court below dismissed the action without a hearing because the court found that the petitioner did not assert grounds which would entitle him to the writ of habeas corpus. The petitioner contends that the trial court erred in not addressing issues presented in the petition, not ordering an evidentiary hearing, and not appointing counsel. The issues presented on the petition are: (1) whether the indictments were defective because they did not state a *mens rea* or did not state a specific date for the offense charged, or both,[1] (2) whether his wife, at the time of prosecution, was coerced to testify against him in violation of Tennessee Code Annotated section 24-1-201, and (3) whether she should have testified in view of the fact that she was under psychiatric care with heavy medication. Following a review of the record and the briefs of the parties, we affirm the trial court's dismissal of the petition.

The petitioner filed an untimely notice of appeal, but this court may waive the time requirement for filing a notice of appeal "in the interest of justice." Tenn. R. App. P. 4(a); see State v. Scales, 767 S.W.2d 157 (Tenn. 1989). The untimely filing by the petitioner has not prejudiced the state; therefore, we waive this

---

[1] The issue of the element of *mens rea* being omitted from an indictment and the habeas corpus court's failure to review the issue are not presented on appeal. We, therefore, deem these issues waived. Tenn. R. App. P. 13(b).

requirement in the interest of justice. See State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). Accordingly, we will address the merits of the petition.

Habeas corpus relief is very limited because it is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). In other words, except for cases of expired sentences, habeas corpus relief is granted only when a judgment is void. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer, 851 S.W.2d at 161). A petition for habeas corpus relief may be summarily dismissed "[i]f, from the showing of the petitioner, the plaintiff would not be entitled to any relief." Tenn. Code Ann. § 29-21-109 (1998); see also James R. Twitty v. Howard Carlton, No. 03C01-9707-CR-00310, slip op. at 5 (Tenn. Crim. App., Knoxville, Jan. 6, 1999) (citing Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994)). The court need not appoint counsel if, from the face of the petition, there are no grounds for relief. See Earl Thomas Mitchell, Jr. v. Howard Carlton, No. 03C01-9704-CR-00125, slip op. at 3 (Tenn. Crim. App., Knoxville, Jan. 12, 1998).

We must first determine if the allegations made by the petitioner may be reviewed in a habeas corpus proceeding. First, the petitioner contends that the indictments were defective because they did not state a specific date for the offense charged. In Dykes v. Compton, the Tennessee Supreme Court addressed the issue of whether a challenge to indictments could be reviewed in a habeas corpus

3

proceeding. The court stated that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

The petitioner challenges certain indictments because specific dates were not stated for the time of the offenses. Rather, less specific times, such as "heretofore on or about mid-Summer, 1984," were listed on certain indictments. The petitioner contends that he could not prepare an adequate defense without specific dates stated in the indictments. "The rule of law is well-established in Tennessee that the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time 'is a material ingredient in the offense.'" State v. Byrd, 820 S.W.2d 739, 740 (Tenn. 1991) (quoting Tenn. Code Ann. § 40-13-207 (1991)). Examples of a time or date being a material ingredient of an offense are statutes requiring an offense to occur on a certain day, such as a Sunday, or at a certain time, such as at night. See, e.g., Tenn. Code Ann. § 39-17-1702 (1997) (The Child Curfew Act of 1995 requires individuals under eighteen years of age to be away from public places by certain times on certain days. In order to prosecute an individual under this act, the indictment would have to specify the exact day and time of the offense). The offenses of aggravated rape, rape and sexual battery do not require an exact day or time. See Tenn. Code Ann. §§ 39-2-603, -604, -607 (1986) (repealed 1989); State v. West, 787 S.W.2d 790, 792-93 (Tenn. Crim. App. 1987). Because time is not a material ingredient of the offenses charged, the state did not have to specify dates in the indictment. Byrd, 820 S.W.2d at 740.

If it is not apparent from the face of the record that a judgment is void, then habeas corpus review is not appropriate. See Archer v. State, 851 S.W.2d

4

157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). From reviewing the record, we find that the trial court possessed jurisdiction over the petitioner and the subject-matter, and possessed the statutory authority to render the judgments. In this case, the petitioner would have to prove prejudice to his defense due to the state's inability to specify dates in the indictment. State v. Ealey, 959 S.W.2d 605, 609 (Tenn. Crim. App. 1997). This would require proof beyond the record itself, which may be appropriate in a post-conviction proceeding, but not in a habeas corpus proceeding. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). As the Tennessee Supreme Court stated in Archer, "[t]he petition in this case, . . ., alleges only that, upon introduction of further proof and after appropriate findings of fact by the trial judge, the facially valid judgment *may* be voided." Archer, 851 S.W.2d at 164. The lack of specific dates in the indictments does not render the judgments void. Therefore, this issue is not cognizable in a habeas corpus proceeding.

Next, the petitioner contends that his wife, at the time of prosecution, should not have been coerced to testify against him, and she should not have testified because she was under psychiatric care with heavy medication. These issues are not cognizable in a habeas corpus proceeding. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

When claims are not cognizable in a habeas corpus proceeding, a court may treat a petition for habeas corpus relief as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-205(c) (1997). In order to treat this petition as one for post-conviction relief, the petition must comply with the provisions of the Post-Conviction Procedure Act of 1995. Under the act, the petition is time-barred because it was filed beyond the one year statute of limitations period. Tenn. Code Ann. § 40-30-202(a) (1997). The petitioner has stated no reason for avoiding the

5

statute of limitations. Additionally, the petition is barred as one for post-conviction relief because it is not filed, as required, in the court in which the conviction occurred. Tenn. Code Ann. § 40-30-204(a) (1997).

Because we find that the petition does not state grounds for habeas corpus relief, we affirm the trial court's dismissal of the petition without a hearing.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JERRY L. SMITH, JUDGE