

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00126-CR

_____

DANNY CENICEROS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4389; Honorable Dan Mike Bird, Presiding

February 16, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Following an open plea of guilty, in February 2019, Appellant, Danny Ceniceros, was convicted of failure to register as a sex offender. His punishment was assessed at ten years confinement and a $1,500 fine, suspended in favor of ten years community

supervision.[1]  Appellant did not appeal that conviction, nor did he complain about his sentence at that time.

Just over two years later, in April 2021, the State filed its *Second Amended Motion to Revoke* Appellant's community supervision, alleging that he had violated conditions 3, 6, and 13.  Specifically, the State alleged that Appellant committed two new offenses, failed to pay his fine, and admitted to using marihuana.  At a hearing on the State's motion, Appellant entered pleas of "not true" to the alleged new offenses and pleas of "true" to the remaining allegations.  After hearing testimony, the trial court found the State had proven the new offenses by a preponderance of the evidence.  Based on that evidence and Appellant's pleas of "true" to other allegations, the trial court revoked his community supervision and sentenced him to ten years confinement.  The trial court did not mention the $1,500 fine originally assessed, although the fine was reflected in the *Judgment Revoking Community Supervision.*

Presenting three issues, Appellant challenges the trial court's judgment revoking his community supervision.  By issues one and two, he maintains the trial court erred in finding by a preponderance of the evidence that he committed the two new offenses of delivery by actual transfer of marihuana to a child younger than eighteen and assault by physical contact.  By his third issue, he asserts the trial court abused its discretion and violated the Eighth Amendment's prohibition against cruel and unusual punishment.  We

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b).  As indicted, an offense under this article of the Code of Criminal Procedure is a felony of the third degree.  As such, the offense was punishable by confinement for any term of not more than 10 years or less than 2 years, and by a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.34.

will modify the trial court's judgment to reflect that no fine was assessed and affirm the judgment as modified.

## BACKGROUND

According to the record, Appellant has had to comply with sex offender registration requirements since the mid-1990s for a 1993 conviction for sexual assault of a child he committed when he was eighteen. He was placed on community supervision for that offense.

At the 2019 plea hearing in this cause, to the offense of *Failure to Register as a Sex Offender*, Appellant testified that he had never missed a registration. He is employed at Tyson and provides for his family. During his cross-examination, he revealed his criminal history, including being arrested in 2005 for absconding from his registration requirements. He also served time in Oklahoma for drug trafficking. According to Appellant, he was mistakenly released from incarceration in Oklahoma and returned to Texas where he was incarcerated for burglary of a building. In 2014, he was arrested for criminal trespass.

Appellant explained that he believed he was only required to register annually around the time of his birthday. His misunderstanding extended to reporting a change of address even though he had complied with registration requirements in the past. His failure resulted in his arrest and conviction but the trial court placed him on community supervision to allow him to continue with his employment and provide for his family.

At the hearing on the State's motion to revoke, Appellant's community supervision officer confirmed that when Appellant was asked to submit for a urinalysis, he instead

admitted to smoking marihuana. His admission was memorialized in the Department's standard drug admission form which was admitted into evidence. The officer also confirmed that Appellant was delinquent in the repayment of his fines and fees even though he had made payments in the past. During the period of his supervision, Appellant had steady employment and during the pandemic, he was receiving unemployment compensation.

As to the new offenses alleged as violations of his community supervision, the complainant was a fifteen-year-old child at the time of the revocation hearing. She testified that Appellant allegedly delivered marihuana to her and offensively contacted her when she and others traveled to Austin with him. She further testified that every night before bedtime she and Appellant would smoke marihuana that he provided to her. She described the process of "shot gunning" as the act of passing marihuana smoke from one person to another through the hands or mouth. During one of the instances of "shot gunning," Appellant grabbed the complainant's cheek and pulled her close and attempted to kiss her—conduct she testified made her feel "violated." Based on the evidence presented and Appellant's two pleas of "true," the trial court found that he violated the conditions of his community supervision, revoked his community supervision, and sentenced him to ten years confinement on the original charge of failure to register as a sex offender.

### STANDARD OF REVIEW

In the context of a revocation proceeding, the State must prove by a "preponderance of the evidence" that the defendant violated a condition of community supervision as alleged in the motion to revoke or adjudicate. *Cobb v. State*, 851 S.W.2d

4

871, 874 (Tex. Crim. App. 1993). In such a proceeding, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [his community supervision]." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling to determine whether there is some evidence supporting the trial court's decision. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). When reviewing whether some evidence supports the trial court's decision, we must keep in mind that the trial judge is the sole trier of fact and arbiter of the credibility of the witnesses. *Johnson v. State*, 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.).

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker*, 389 S.W.3d at 865. The trial court abuses its discretion by revoking the defendant's community supervision if, as to *every ground alleged*, the State fails to establish the violation of a condition by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (en banc).

The finding of a single violation of community supervision is sufficient to support a revocation of community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

5

**ISSUES ONE AND TWO—SUFFICIENCY OF THE EVIDENCE TO SUPPORT REVOCATION**

As discussed herein, the State presented sufficient evidence that Appellant delivered marihuana to a minor and also committed assault by contact against her. Furthermore, his pleas of "true" to failure to remain current on his fines and fees while employed or receiving unemployment compensation and admission of marihuana use are sufficient alone to justify the trial court's ruling. Issues one and two are overruled.

**ISSUE THREE—CRUEL AND UNUSUAL PUNISHMENT**

Appellant argues that the gravity of the new allegations of assault by contact and delivery of marihuana is low when evaluated against a ten-year sentence and violates the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII. Appellant incorrectly references the gravity of the alleged new offenses when, in fact, his ten-year sentence is based on the original offense of failure to register as a sex offender for his 1993 conviction for sexual assault of a child.

His argument notwithstanding, we find that Appellant failed to preserve his issue for appellate review. At the conclusion of the hearing on the State's motion, the trial court orally pronounced Appellant's ten-year sentence and notified him that he would receive credit for time served. The trial court also reminded Appellant's counsel that his ruling was appealable. Thereafter, the proceedings were adjourned. At no time during the pronouncement of sentence did Appellant object to his sentence as being excessive or disproportionate to the originally charged offense of failure to register as a sex offender.

To avoid procedural default on a punishment issue, a defendant must complain of the sentence by objection during trial or, if there was no opportunity to object, in a motion

6

for new trial. *See* TEX. R. APP. P. 33.1(a)(1). *See also Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013) (citing *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)). Preservation of an appellate complaint also applies to an allegation of cruel and unusual punishment under the Eighth Amendment. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Rucker v. State*, No. 07-20-00128-CR, 2021 Tex. App. LEXIS 7024, at *10 (Tex. App.—Amarillo Aug. 25, 2021, no pet.) (mem. op., not designated for publication) (citing *Smith v. State*, 721 S.W.2d 844, 845 (Tex. Crim. App. 1986)). Because Appellant failed to challenge his sentence in the trial court, his issue on appeal is not preserved for review. Issue three is overruled.

### REFORMATION OF SENTENCE

A defendant's sentence must be orally pronounced in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). A fine is part of the sentence and must be orally pronounced in the defendant's presence at the time of sentencing. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500.

On review of the *Judgment Revoking Community Supervision*, it is apparent that the trial court incorrectly included a fine of $1,431 (apparently the unpaid balance of the $1,500 fine originally assessed). A review of the record shows that no fine was assessed when the trial court orally pronounced sentence.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. As such, the judgment of the court is reformed to delete the fine which was not orally pronounced.

The trial court is ordered to prepare and file a *Judgment Nunc Pro Tunc* reflecting this reformation and the trial court clerk is ordered to provide a copy of that judgment to the Institutional Division of the Texas Department of Criminal Justice and to this court.

### CONCLUSION

The trial court's judgment is modified to delete the fine of $1,413 and is affirmed as modified.

Patrick A. Pirtle
Justice

Do not publish.

8